IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:03CV51-03-MU

ERNEST A. BELL, )
)
    Plaintiff, )
)
v. ) **O R D E R**
)
VELVIA CARPENTER and JANET )
BUCHANAN )
)
    Defendants. )
)

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment (Document No.17), and brief and affidavits in support of motion (Documents No. 18, 19, and 20), Plaintiff's response to Defendants' Motion, (Document No. 22), and Plaintiff's Complaint under 42 U.S.C. § 1983, (Document No. 1.)

## I. FACTS

In his Complaint, Plaintiff alleges that on October 10, 2002 he was assigned to work in the kitchen at Mountain View Correctional Facility. On that same day, Plaintiff made a request to his unit manager that he receive work boots with reinforced toes. (Complaint.) On October 21, 2002, Plaintiff asked Defendants Buchanan and Carpenter[1] for boots. (Plaintiff's Affidavit attached to Complaint.) Plaintiff did not receive the boots and on October 30, 2002, while working in the kitchen, a heavy pot fell from a shelf and injured his foot. Plaintiff was taken to the infirmary and did not work the rest of the day. Plaintiff returned to work the next day and advised Defendants that

---

[1] Defendant Carpenter contends that she is not Plaintiff's supervisor in the kitchen. Defendant Carpenter works the first shift which runs from 3:30 a.m. to 11:30 a.m. and Plaintiff works the second shift. Defendant Carpenter contends that Plaintiff never made a direct request to her for steel toed shoes. (Carpenter Affidavit.)

he could not work because of his injuries from the previous day. Plaintiff alleges that in response, Defendants Carpenter and Buchanan told him to "hop on out the office and go to work or you will go to segregation."[2] (Complaint.)

Defendants do not dispute that Plaintiff was injured when a heavy pot fell on his foot on October 30, 2002. However, Defendants contend that when Plaintiff was assigned to work in the kitchen at Mountain View Correctional facility, he received instruction on kitchen rules and procedure. As part of this instruction, Plaintiff was directed to wear rubber boots with reinforced steel toes. (Buchanan Affidavit ¶ 5) Plaintiff was told that these boots were located in the janitorial closet inside the kitchen and were available to all inmates assigned to work in the kitchen. (Buchanan Affidavit ¶ 5; Carpenter Affidavit ¶ 6.) Inmates can access the boots when entering the kitchen for work, and the inmates are not required to check out the boots or have officer assistance in accessing the boots available to them. (Buchanan ¶ 7; Carpenter Affidavit ¶ 7). The Mountain View kitchen has fourteen pair of boots available, although only seven positions, all in the dish room, necessitate the use of work boots.

Defendants contend that Plaintiff refused to wear the boots provided for him, stating he might contract a foot fungus from a previous wearer. (Buchanan Affidavit ¶ 5). In light of this concern, Plaintiff received additional instruction on how to use a small plastic bag inside of the boots to assist in the prevention on contracting a disease or fungus from a previous wearer. (Id.) Despite such information, Plaintiff continued to refuse to wear the boots provided and opted to wear tennis shoes. (Id.)

---

[2] In this Court's September 11, 2003 Order, Plaintiff's claim of deliberate indifference to his medical needs and his claim relating to any alleged threat to send his to segregation were dismissed without prejudice for failing to exhaust these claims. Since that Order, which was almost two years ago, Plaintiff has failed to established that he has exhausted those claims, therefore those claims are dismissed.

On October 30, 2002, twenty-one inmates were working in the kitchen. (Buchanan Affidavit ¶¶ 9,10; Carpenter Affidavit ¶¶ 9, 10.) During that shift, the inmates had access to the usual fourteen pair of boots, and seven went unused. (Id.) After Plaintiff complained of being hurt, Defendant Buchanan immediately contacted medical to report Plaintiff's complaint. (Buchanan Affidavit ¶ 11.)

## II. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard, by its very terms, provides that the mere existence of some alleged factual dispute between the parties will not defeat a properly supported summary judgment motion; rather the rule requires that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. Moreover, the moving party has the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes will demonstrate the absence of any genuine issue of material fact." Celotex Corp. v. Cateret, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P.56(c).

## III. ANALYSIS

**A. Plaintiff has Failed to State a Claim**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1991). An Eighth Amendment cruel and unusual punishment claim has two elements: objectively, whether the deprivation of a basic human need was sufficiently serious, and, subjectively, whether the defendant had a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294 (1991). The objective component requires that a Plaintiff show that the deprivation of a basic human need was 'sufficiently serious' to rise to the level of cruel and unusual punishment. Rish v. Johnson, 131 F.3d 1092 (4th Cir. 1997)(quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). In determining whether an alleged harm is sufficiently serious to satisfy the objective component of a cruel and unusual punishment claim courts are guided by contemporary standard of decency. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). "Conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Additionally, the Constitutional prohibition against cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure's of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991)(citations omitted).

The subjective component of a cruel and unusual punishment claim when a prisoner is complaining about conditions of confinement is that of deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 835-6 (1994). A prison official, therefore, may be held liable for acting with deliberate indifference to inmate health or safety only if he knows that inmate faces a substantial risk of serious harm and disregards it by failing to take reasonable measures to abate such risk. Id. at 836.

" To convert conduct that does not even purport to be punishment into conduct violative of the Eighth Amendment, 'more than ordinary lack of due care for the prisoner's interests or safety' must be shown." Stephens v. Johnson, 83 F.3d 198, 201 (8th Cir. 1996)(quoting, Whitley v. Albers, 475 U.S. 312, 319 (1986).

Applying this legal standard to Plaintiff's Complaint, the evidence shows that Defendants did not deliberately deprive Plaintiff of the proper kitchen work boots because boots with reinforced toes are available in the janitorial closet inside the kitchen for inmates to wear while working in the kitchen, Plaintiff choose not want to wear to boots because he was concerned about contracting a fungus, and on the day Plaintiff was injured seven pair of boots were not being worn. (Buchanan Affidavit ¶¶ 5, 6, 10.) Plaintiff does not dispute that work boots were available for him to wear while working in the kitchen, instead he argues that they are not the proper boots and that there are not enough for everyone who is working in the kitchen to wear. Plaintiff does not dispute that on October 30, 2002, the day he was injured, seven pair of boots went unworn. Plaintiff cannot satisfy either element of his cruel and unusual punishment claim. Simply failing to provide Plaintiff, who works in the prison kitchen, with steel- toed boots does not establish a constitutional violation. See Stephens v. Johnson, 83 F.3d 198 (8th Cir. 1996). Therefore, Plaintiff has failed to state a claim for relief and his complaint must be dismissed.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief and Defendants' Motion for Summary Judgement is GRANTED.

**Signed: August 1, 2005**

Graham C. Mullen
Chief United States District Judge